**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KEVIN ZIMMERMAN, | ) Case Nos.: |
| | ) |
| Plaintiff, | ) 2:17-cv-00304-GMN-GWF |
| vs. | ) 2:17-cv-00307-GMN-GWF |
| | ) 2:17-cv-00397-GMN-GWF |
| GJS GROUP, INC., | ) 2:17-cv-00433-GMN-GWF |
| | ) 2:17-cv-00536-GMN-GWF |
| Defendant. | ) 2:17-cv-00560-GMN-GWF |
| | ) 2:17-cv-00563-GMN-GWF |
| vs. | ) 2:17-cv-00569-GMN-GWF |
| | ) 2:17-cv-00595-GMN-GWF |
| STATE OF NEVADA, ex rel. ADAM PAUL | ) 2:17-cv-00602-GMN-GWF |
| LAXALT, Attorney General, | ) 2:17-cv-00830-GMN-GWF |
| | ) 2:17-cv-00973-GMN-GWF |
| Defendant-Intervenor. | ) 2:17-cv-00974-GMN-GWF |
| | ) 2:17-cv-01183-GMN-GWF |
| | ) 2:17-cv-01194-GMN-GWF |
| And related cases. | ) 2:17-cv-01198-GMN-GWF |
| | ) 2:17-cv-01199-GMN-GWF |
| | ) 2:17-cv-01206-GMN-GWF |
| | ) 2:17-cv-01209-GMN-GWF |
| | ) 2:17-cv-01259-GMN-GWF |
| | ) 2:17-cv-01300-GMN-GWF |
| | ) 2:17-cv-01302-GMN-GWF |
| | ) 2:17-cv-01315-GMN-GWF |
| | ) 2:17-cv-01347-GMN-GWF |
| | ) 2:17-cv-01358-GMN-GWF |
| | ) 2:17-cv-01359-GMN-GWF |
| | ) |
| | ) **ORDER** |
| | ) |
| | ) |

Pending before the Court is the Motion to Dismiss, (ECF No. 58), filed by Intervenor State of Nevada ("Intervenor"), to which Defendants Snowed Inn., Inc., Snowed Inn, LLC, WBF McDonalds Management, LLC ("WBF McDonalds"), Starbucks Corp., Speedee Mart,

Inc., and Sarah Siavash ("Siavash") filed joinders, (ECF Nos. 60–63). Plaintiff Kevin

Zimmerman ("Plaintiff") filed a Response, (ECF No. 69), and Intervenor filed a Reply, (ECF

No. 70), to which Snowed Inn, Inc., Snowed Inn, LLC, WBF McDonalds, and Siavash filed

joinders, (ECF Nos. 71, 72). For the reasons discussed herein, Intervenor's Motion is

**GRANTED.**

## I.    BACKGROUND

These cases arise out of alleged violations of the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12101, *et seq.*, and a series of lawsuits filed by Plaintiff against various

defendant-entities in the Las Vegas, Nevada area. Plaintiff's Complaints[1] contain the following

allegations.

Defendants own and operate places of public accommodation ("PPAs") as defined under

42 U.S.C. § 12181(7). (Compl. ¶ 1, ECF No. 1-1). Plaintiff is an individual with disabilities

that substantially limit his major life activities as his "health and mobility is dependent on the

use of a wheelchair." (*Id.* ¶ 7). Plaintiff alleges that he is a customer of Defendants' PPAs

where he visited to enjoy the goods and services offered. (*Id.* ¶ 9). According to Plaintiff's

Complaints, "[c]ompletely independent of [Plaintiff's] personal desire to access the PPA[s],

Plaintiff also acted as a tester for purposes of discovering, encountering, and engaging

discrimination against persons with disabilities at Defendant[s'] PPA[s]." (*Id.* ¶ 11).

During Plaintiff's visits to Defendants' PPAs, Plaintiff alleges he was "prevented from

the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or

accommodations" due to alleged violations of the ADA and its accompanying regulations. (*Id.*

¶¶ 30–31). In each of Plaintiff's Complaints, he identifies at least one way in which the PPA in

question is ADA non-compliant. (*See, e.g.*, *id.* ¶ 31) ("Failure to provide the clear width of

---

[1] The Complaints are identical except for the access barriers that Plaintiff alleges violate the ADA and its
corresponding regulations. Accordingly, the Court's citations are to the initial Complaint in *Zimmerman v. GJS
Grp., Inc.*, No. 2:17-cv-00304-GMN-GWF (D. Nev. 2017), unless otherwise indicated.

1  walking surfaces in aisles and pathways no less than 36 inches" and "[f]ailure to provide signs

2  containing the designation 'van accessible' that identify van parking spaces."). According to

3  Plaintiff, he "intends to visit Defendants' [PPAs] several times per year in the near future, but is

4  deterred from doing so while Defendant[s'] PPA[s] violate[] the ADA." (*Id.* ¶ 45). Plaintiff

5  seeks, *inter alia*, a preliminary and permanent injunction requiring Defendants to remove all

6  alleged access barriers and an award of attorneys' fees, including litigation expenses and costs.

7  (*Id.* 10:24–11:12).

8      On February 28, 2017, the Court issued an omnibus order transferring more than seventy

9  of Plaintiff's cases to the undersigned and the Honorable Magistrate Judge George Foley. *See*

10 *Zimmerman v. Nevada CVS Pharmacy, LLC*, No. 2:17-cv-00307-GMN-GWF (D. Nev. 2017)

11 (Omnibus Transfer Order, ECF No. 5). The Court reasoned that the "allegations in each of

12 these cases are nearly identical," and that "judicial economy will be served" by transferring all

13 of the cases to a single district court judge and magistrate judge. (*Id.* 1:26–2:3).

14     On August 8, 2017, Intervenor filed a motion to intervene as a limited-purpose

15 defendant, (ECF No. 28), which Judge Foley subsequently granted on October 11, 2017, (ECF

16 No. 35). On October 17, 2017, Intervenor filed a motion to consolidate, (ECF No. 37), which

17 the Court granted for the limited purpose of determining subject matter jurisdiction. (*See* Order

18 6:10–13, ECF No. 57). Specifically, the Court consolidated the actions to permit Intervenor to

19 assert a facial challenge to Plaintiff's Article III standing based on common allegations or

20 omissions in Plaintiff's Complaints. (*Id.* 5:11–13). Pursuant to the Court's Order, Intervenor

21 filed the instant Motion to Dismiss on April 16, 2018, (ECF No. 58).

22 **II.   LEGAL STANDARD**

23     Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for

24 lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is

25 challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *See Scott*

*v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to a motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A motion to dismiss under Rule 12(b)(1) may be construed in one of two ways. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979). It may be described as "factual," meaning that it "attack[s] the existence of subject matter jurisdiction in fact." *Id.* Alternatively, it may be described as "facial," meaning that it "accepts the truth of the plaintiff's allegations but asserts that they are 'insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.* Courts do not, however, "accept the 'truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (quoting *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003)).

## III.  DISCUSSION

Intervenor moves to dismiss Plaintiff's Complaints, as well as Plaintiff's Amended Complaint,[2] on the basis that Plaintiff fails to establish an injury in fact sufficient to confer Article III standing. (Mot. to Dismiss ("MTD") 5:18–14:5, ECF No. 58). Plaintiff responds

---

[2] Plaintiff filed an Amended Complaint in *Zimmerman v. GJS Grp., Inc.*, 2:17-cv-0304-GMN-GWF (ECF No. 55).

1  that Intervenor "seeks to impose a heightened pleading standard on Plaintiff," and that the

2  Complaints' allegations are "sufficient to place [Intervenor] and the Consolidated Defendant's

3  [sic] on notice of how its architectural barriers deprive Plaintiff of equal access." (Resp. 10:17–

4  12:17, ECF No. 69).

5      "[T]o invoke the jurisdiction of the federal courts, a disabled individual claiming

6  discrimination must satisfy the case or controversy requirement of Article III by demonstrating

7  his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imps., Inc.*, 631 F.3d 939,

8  946 (9th Cir. 2011) (citing U.S. Const. art. III, § 2; *Lujan v. Defenders of Wildlife*, 504 U.S.

9  555, 560 (1992)).  To establish standing, a plaintiff must "demonstrate that he has suffered an

10  injury-in-fact, that the injury is traceable to the [defendant's] actions, and that the injury can be

11  redressed by a favorable decision." *Chapman*, 631 F.3d at 946.

12      An injury in fact requires that a plaintiff plead "an invasion of a legally protected interest

13  which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or

14  hypothetical." *Lujan*, 504 U.S. at 560 (internal quotation marks and citations omitted).  In the

15  ADA context, for an injury to be concrete and particularized, a plaintiff must identify access

16  barriers that preclude him from "full and equal enjoyment of the facility on account of his

17  particular disability." *Chapman*, 631 F.3d at 947.  An actual and imminent threat of repeated

18  injury can be shown in one of two ways. *Id.* at 949.  First, a plaintiff may demonstrate an intent

19  to return to a noncompliant accommodation. *Id.*  Alternatively, a plaintiff "suffers a cognizable

20  injury if he is deterred from visiting a noncompliant public accommodation because he has

21  encountered barriers related to his disability there." *Id.*; *Ervine v. Desert View Reg'l Med. Ctr.*

22  *Holdings, LLC*, 753 F.3d 862, 867 (9th Cir. 2014).

23      Intervenor argues that Plaintiff fails to satisfy the injury in fact requirement because

24  Plaintiff does not relate the alleged ADA barriers to his particular disability. (MTD 6:12–7:6).

25  Therefore, according to Intervenor, Plaintiff cannot establish a concrete and particularized

1  injury or a real and immediate threat of future injury. (*Id.* 7:8–10:5, 11:8–12:16).  The Court

2  agrees.

3      In *Chapman*, the Ninth Circuit held that a plaintiff lacked standing to pursue his ADA

4  claims because his complaint failed to "identify how any of the alleged violations threatens to

5  deprive him of full and equal access due to his disability if he were to return to the [PPA], or

6  how any of [the barriers] deter him from visiting the [PPA] due to his disability." *Chapman*,

7  631 F.3d at 955.  In that case, the plaintiff "attached to his complaint an 'Accessibility Survey,'

8  which listed barriers known to him that he claim[ed] 'denied him access to the [PPA], or which

9  he seeks to remove on behalf of others under related state statutes." *Id.* at 954.  Such a list, the

10  Ninth Circuit concluded, "cannot substitute for the factual allegations required in the complaint

11  to satisfy Article III's requirement of an injury-in-fact." *Id.* at 954–55.

12      Here, Plaintiff's Complaints list accessibility barriers without any corresponding facts

13  connecting the alleged barriers to his disability.  As in *Chapman*, Plaintiff "does not even

14  attempt to relate the alleged violations to his disability." 631 F.3d at 955.  For example, in

15  several Complaints, Plaintiff alleges a "[f]ailure to provide the clear width surface aisles and

16  pathways no less than 36 inches" and "[f]ailure to provide signs containing the designation 'van

17  accessible' that identify van parking spaces." *See, e.g.*, *Zimmerman v. GJS Grp., Inc.*, No. 2:17-

18  cv-0304-GMN-GWF (Compl. ¶ 31, ECF No. 1-1); *Zimmerman v. Snowed Inn, Inc.*, No. 2:17-

19  cv-0595-GMN-GWF (Compl. ¶ 31, ECF No. 1-1); *Zimmerman v. J&M Sales, Inc.*, No. 2:17-

20  cv-1302-GMN-GWF (Compl. ¶ 31, ECF No. 1); *Zimmerman v. WTS Invs., LLC*, No. 2:17-cv-

21  1209-GMN-GWF (Compl. ¶ 31, ECF No. 1).  Despite initially identifying these alleged access

22  barriers, Plaintiff fails to state how, or whether, the alleged barriers affected Plaintiff "*on*

23  *account of his particular disability*." *Chapman*, 631 F.3d at 947 (emphasis added).  Plaintiff

24  does not allege, for example, that he was prevented from navigating his way through the aisles,

25  unable to locate a parking spot on account of his disability, or otherwise impacted by

1  Defendants' alleged failure to maintain ADA-compliant facilities.  Absent any allegation

2  linking the alleged barriers to Plaintiff's disability, the Court cannot discern whether Plaintiff

3  personally suffered discrimination under the ADA on account of his disability and,

4  consequently, whether Plaintiff is deterred from patronizing Defendants' PPAs based on his

5  disability. *See id.* at 949 ("Article III . . . requires a sufficient showing of likely injury in the

6  future related to the plaintiff's disability to ensure that injunctive relief will vindicate the rights

7  of the particular plaintiff rather than the rights of third parties.").  Accordingly, the Court finds

8  that Plaintiff has not established an injury in fact and, therefore, Intervenor's Motion is granted

9  with respect to Plaintiff's initial Complaints.

10  Consistent with this reasoning, the Court finds that Plaintiff's Amended Complaint,

11  (ECF No. 55), also fails to establish Article III standing.  In the Amended Complaint, Plaintiff

12  inserts four new paragraphs, none of which cures the deficiencies highlighted *supra*.  Relevant

13  to the injury-in-fact question, Plaintiff includes the following new allegation: "Plaintiff arrived

14  at Defendant's PPA on the above-mentioned date, by means of a wheelchair-accessible

15  mobility van." (Am. Compl. ¶ 11).  In that case, Plaintiff alleges the following access barriers:

16  "[f]ailure to provide the clear width of walking surfaces in aisles and pathways," "[f]ailure to

17  provide signs containing the designation 'van accessible' that identify van parking spaces," and

18  "[f]ailure to make reasonable modifications in policies, practices, or procedures necessary to

19  accommodate for Plaintiff's disability." (*Id.* ¶ 33).

20  Again, however, Plaintiff merely identifies these barriers without any statement linking

21  his disability to the alleged barriers, or suggesting how these barriers deter him from future

22  patronage of the PPA.  Pursuant to *Chapman*, courts in this Circuit hold that this is insufficient

23  to establish an injury in fact. *See, e.g.*, *Gastelum v. Canyon Hosp. LLC*, No. 17-cv-02792-PHX-

24  GMS, 2018 WL 2388047, at * 9 (D. Ariz. May 25, 2018) ("Although the specific alleged

25  violations vary from complaint to complaint . . . . [e]ach complaint details dozens of alleged

violations without relating the violations to [the plaintiff's] disability."); *Allison v. Spring Mountain Las Vegas, LLC*, No. 2:15-cv-2337-JCM-PAL, 2016 WL 4474126, at \*3 (D. Nev. Aug. 23, 2016) ("[P]laintiff's complaint alleges that plaintiff visited defendant's complex and encountered barriers to access . . . .  However, a plaintiff must allege more than encountering an ADAAG barrier to establish standing."). *Cf. Kohler v. CJP, Ltd.*, 818 F. Supp. 2d 1169, 1174 (C.D. Cal. 2011) (distinguishing *Chapman* and concluding that "[the plaintiff] provide[d] similarly sufficient explanations with respect to the remaining barriers identified in the complaint, detailing how each barrier affects him because of his disability and how each impedes his ability to make full use of the [PPA]."); *Twede v. Univ. of Wash.*, No. 16-cv-1761-JLR, 2018 WL 835705, at \*6 (W.D. Wash. Feb. 13, 2018) ("Here, Plaintiffs do more than merely identify barriers that they encountered at the parking lots they visited; they also briefly describe how each barrier affects them because of their disabilities.").  Accordingly, the Court dismisses Plaintiff's Amended Complaint without prejudice for lack of Article III standing.[3]

Plaintiff argues that "requiring Plaintiff to give detailed factual allegations at the pleading stage circumvents the available tools of discovery." (Resp. 14:9–11, ECF No. 69). Plaintiff's assertion, however, is belied by the fact that in his Response, and for the first time, Plaintiff discusses the link between his disability and the alleged access barriers. (Resp. 5:19–6:15).  Plaintiff's Response, however, cannot cure for his failure to include sufficient facts in his Complaints.

Based on the foregoing, the Court finds that Plaintiff has failed to establish an injury in fact sufficient to support Article III standing.  Accordingly, Intervenor's Motion to Dismiss is

---

[3] In three cases, Plaintiff filed a Motion for Leave to File an Amended Complaint. *See Zimmerman v. Siavash*, 2:17-cv-0560-GMN-GWF (ECF No. 31); *Zimmerman v. Snowed Inn, Inc.*, 2:17-cv-0563-GMN-GWF (ECF No. 23); *Zimmerman v. Snowed Inn, Inc.*, 2:17-cv-0595-GMN-GWF (ECF No. 35).  The proposed amended complaints incorporate the same four paragraphs that this Court deems insufficient to establish standing with respect to the instant Amended Complaint in *Zimmerman v. GJS Grp., Inc.*, 2:17-cv-0304-GMN-GWF (ECF No. 55).  The Court therefore finds that granting Plaintiff leave to file these amended complaints would be futile. Accordingly, the Court denies these Motions without prejudice.

1  granted and Plaintiff's Complaints and Amended Complaint are hereby dismissed without

2  prejudice.

3  **IV.**   **LEAVE TO AMEND**

4        Plaintiff requests that "leave to amend should be granted to allow Plaintiff to meet the

5  pleading requirements set forth in *Chapman*." (Resp. 20:19–20).  Rule 15(a)(2) of the Federal

6  Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so

7  requires." Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit has "repeatedly held that 'a district court

8  should grant leave to amend even if no request to amend the pleading was made, unless it

9  determines that the pleading could not possibly be cured by the allegation of other facts.'"

10  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d

11  494, 497 (9th Cir. 1995)).

12        Plaintiff asserts that he will attach declarations to his amended complaints and provide

13  further factual support with respect to "his physical disability, how each ADA barrier denied

14  him full and equal enjoyment at each PPA, and additional facts to support standing under

15  *Chapman*." (Resp. 28:6 n.15).  The Court is satisfied that Plaintiff may be able to cure the

16  deficiencies discussed in this Order by amending his Complaints.  Accordingly, if Plaintiff

17  elects to do so, Plaintiff shall file new amended complaints in the above-captioned actions

18  within thirty (30) days of this Order.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

## V.    CONCLUSION

**IT IS HEREBY ORDERED** that Intervenor's Motion to Dismiss, (ECF No. 58), is **GRANTED** pursuant to the foregoing.  Plaintiff's Complaints in the above-captioned actions are hereby **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Intervenor's Motion, as it pertains to Plaintiff's Amended Complaint in 2:17-0304-GMN-GWF (ECF No. 55), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Leave to File an Amended Complaint in Case Nos. 2:17-cv-0560-GMN-GWF (ECF No. 31); 2:17-cv-0563-GMN-GWF (ECF No. 23); and 2:17-cv-0595-GMN-GWF (ECF No. 35), are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to do so, Plaintiff shall file new Amended Complaints in these actions within thirty (30) days of this Order.  Failure to do so will result in dismissal of the above-captioned cases with prejudice.

**IT IS FURTHER ORDERED** that stays entered in Case Nos. 2:17-cv-0304-GMN-GWF; 2:17-cv-0307-GMN-GWF; 2:17-cv-0563-GMN-GWF; 2:17-cv-0595-GMN-GWF; 2:17-cv-0973-GMN-GWF; 2:17-cv-0974-GMN-GWF; 2:17-cv-1194-GMN-GWF; and 2:17-cv-1358-GMN-GWF are hereby **LIFTED**.

**IT IS FURTHER ORDERED** that the parties shall file Proposed Discovery Plans/ Scheduling Orders in the above-captioned cases within sixty (60) days of this Order.

**DATED** this __30__ day of August, 2018.

_____

Gloria M. Navarro, Chief Judge
United States District Judge